# IN THE UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY EDWARD ANDERSON**, </br></br>Plaintiff, </br></br>v. </br></br>**TRANS UNION RENTAL SCREENING SOLUTIONS, INC** and **RENTGROW, INC. d/b/a YARDI RESIDENT SCREENING** </br></br>Defendants. | Civil Action No.: |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

### THE PARTIES

2. Plaintiff Gregory Edward Anderson is an adult individual who resides in Washington, DC.

3. Defendant, Trans Union Rental Screening Solutions, Inc. (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a consumer reporting agency which regularly conducts business in the Eastern

District of Pennsylvania, with its headquarters located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7. Defendants have been reporting derogatory and inaccurate statements about Plaintiff and Plaintiff's purported criminal history to third parties ("inaccurate information").

8. The inaccurate information includes, but is not limited to criminal convictions which are not convictions against Plaintiff, but instead against another person whom Plaintiff does not know and is of no relation to Plaintiff.

9. Defendants, however, have been inaccurately reporting these charges on Plaintiff's consumer report.

10. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

11. Specifically, in or around March 2015, Plaintiff applied for and was denied apartments with Flats 130 at Constitution Square and with Park at Pentagon Row.

12. The basis for this denial was the inaccurate information that appears on Plaintiff's consumer report prepared by Defendants, which was a substantial factor for the denial.

13. Further, in connection with Plaintiff's request for his consumer file, Defendant Rentgrow failed to provide Plaintiff a complete and proper copy of his file.

14. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I - TRANS UNION
## VIOLATIONS OF THE FCRA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

19. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the

Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – RENTGROW VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

28. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681g.

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

30.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     */s/ Mark Mailman*
         MARK MAILMAN, ESQUIRE
         GREGORY GORSKI, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

Attorneys for Plaintiff

Dated: June 29, 2015