IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY EDWARD ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION RENTAL SCREENING SOLUTIONS, INC. and RENTGROW, INC. d/b/a YARDI RESIDENT SCREENING,<br><br>Defendants. | Civil Action No. 2:15-cv-3630-LFR<br><br>Hon. L. Felipe Restrepo |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RENTGROW, INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
<u>AND FAILURE TO STATE A CLAIM</u>**

Defendant RentGrow, Inc. ("RentGrow") moves to dismiss Plaintiff's Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## INTRODUCTION

In a transparent attempt to cast a wide net, Plaintiff, an admitted resident of Washington D.C. who sought apartments in Washington and Virginia, brings this action alleging a violation of the Fair Credit Reporting Act ("FCRA") against RentGrow, a company located in Massachusetts, without providing any specific factual allegations in support of his claim. Instead, Plaintiff recites boilerplate allegations invoking statutory language to create the illusion of liability. But Plaintiff's complaint should be dismissed for three reasons:

*First*, Plaintiff fails to allege any facts establishing the general or specific jurisdiction of this Court over RentGrow. To the contrary, Plaintiff admits that RentGrow is located in Massachusetts and that this action involves the claims of a Washington D.C. resident concerning the denial of a lease of apartments in Washington and Virginia.

*Second*, Plaintiff fails to allege any facts in support of his alleged claim under 15 U.S.C. § 1681e(b).  Namely, Plaintiff fails to allege which Defendant provided the allegedly inaccurate report or how the inaccuracy was a result of any failure to follow reasonable procedures.  Instead, Plaintiff simply invokes statutory language in a conclusory fashion to create the illusion of liability.

*Third*, Plaintiff fails to allege any facts in support of his alleged claim under 15 U.S.C. § 1681g. Plaintiff does not specify whether he ever received a report from RentGrow; whether it was inaccurate; or the nature of any inaccuracy. Thus, Plaintiff's allegations do not even apprise Rentgrow of the theory on which Plaintiff seeks to hold it liable.

## ALLEGED FACTS

Plaintiff alleges that he is a resident of Washington, D.C. whose application to lease apartments in Washington and Virginia were denied "in or around" March 2015.  Complaint ¶¶ 2, 11.  Plaintiff alleges, without providing any specific facts, that a "substantial factor" in the denial was a credit report prepared by "Defendants" which allegedly incorrectly stated that Plaintiff was the subject of multiple criminal convictions.  *Id.* ¶¶ 7-13.  But, Plaintiff fails to identify which Defendant prepared the report or which Defendant provided it to a third party. Plaintiff also alleges, again without providing any specific facts, that "Defendants" issued incorrect credit reports to "various persons, both known and unknown." *Id.* ¶ 10.  But, again, Plaintiff fails to identify who any of those "various persons" are, even the ones who are supposedly "known" to him.  Plaintiff also alleges that "Rentgrow failed to provide Plaintiff a complete and proper copy of his file."  Complaint ¶ 13.  But he does not indicate whether RentGrow provided any copy of his file to him, or what the problem was with any file that was provided to him.

Other than a conclusory allegation that RentGrow, which is headquartered in Waltham Massachusetts, "is a consumer reporting agency which regularly conducts business in the Eastern District of Pennsylvania," Plaintiff fails to allege any connection that his claim against

RentGrow, which involves a resident of Washington D.C. who sought apartments in Washington and Virginia, has to Pennsylvania. Complaint ¶ 4.

**ARGUMENT**

**I.      Plaintiff Fails to Plead a *Prima Facie* Case of Personal Jurisdiction Against RentGrow.**

"Two types of personal jurisdiction exist: general and specific." *Chavez v. Dole Food Co.*, No 13-4144, 2015 U.S. App. LEXIS 14027, at *19 (3d Cir. Aug. 11, 2015) (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "Fed. R. Civ. P. 4(e) authorizes federal courts to exercise personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Ackourey v. Sonellas Custom Tailors*, 573 Fed. Appx. 208, 211 (3d Cir. 2014) (quotation marks omitted).

"General jurisdiction is present when a plaintiff's claim arises out of the defendant's 'continuous and systematic' contacts with the forum state." *Chavez*, 2015 U.S. App. LEXIS 14027, at *19. As the Supreme Court recently explained, "when determining general jurisdiction, the appropriate consideration is whether a defendant's 'affiliations with the State are so continuous and systematic as to render it essentially at home in the forum state.'" *Chavez*, 2015 U.S. App. LEXIS 14027, at *20 (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)) (brackets omitted). "[F]or a corporation, 'the place of incorporation and principal place of business' are where it is 'at home' and are, therefore, the paradigm bases for jurisdiction." *Chavez*, 2015 U.S. App. LEXIS 14027, at *20 (quoting *Daimler*, 134 S. Ct. at 760) (brackets omitted). Accordingly, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Chavez*, 2015 U.S. App. LEXIS 14027, at *20 (quotation marks omitted).

"Constitutionally, federal courts may exercise specific personal jurisdiction over nonresident defendants only when the defendants have purposefully directed activities at and established 'minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Ackourey*, 573 Fed. App'x at 211 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (brackets omitted). "Moreover, the litigation must 'arise out of or relate to those activities'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "A defendant's contacts with the forum state must be 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Random, fortuitous, or attenuated contacts are not sufficient to support jurisdiction." *Id.* (citing *World-Wide Volkswagen*, 444 U.S. at 295).

"Where the defendant has raised a jurisdictional defense, the plaintiff bears the burden of establishing" either specific or general personal jurisdiction. *Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993); *see also Stampone v. Fopma*, 567 Fed. Appx. 69, 70-71 (3d Cir. 2014) (affirming dismissal of complaint where plaintiff failed to allege specific facts to support general or specific jurisdiction).

Here, Plaintiff's conclusory and threadbare allegations fail to make out a *prima facie* case of personal jurisdiction against RentGrow.

Plaintiff's only jurisdictional allegation is that RentGrow "regularly conducts business in the Eastern District of Pennsylvania." Complaint ¶ 4. But that falls well short of the requirement for general jurisdiction - that RentGrow be "at home" in Pennsylvania. Specifically, Plaintiff fails to allege that RentGrow maintains a principal place of business or is incorporated in Pennsylvania (which is what is generally required under *Daimler* for a corporation to be "at

home" in a jurisdiction). To the contrary, Plaintiff admits that RentGrow is based in *Massachusetts*. *Id.*

Further, Plaintiff's conclusory averment that RentGrow "regularly conducts business in the Eastern District of Pennsylvania," *id.*, fails to satisfy the standard for specific personal jurisdiction, which requires that the litigation "arise out of or relate to" the defendant's activities in the forum. Here, Plaintiff fails to allege any facts tying his cause of action against RentGrow to Pennsylvania. To the contrary, this dispute concerns a Washington D.C. resident who sought apartments in Washington and Virginia. Plaintiff also fails to allege any facts showing what type of "business" RentGrow conducts in Pennsylvania, such that it "should reasonably anticipate being haled into court there."

II.     **Plaintiff's Conclusory Allegations, Which Lack Factual Support, Fail to Plausibly State a Claim for Violation of the FCRA.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citations omitted).

In deciding whether a complaint pleads sufficient facts to survive a motion to dismiss,

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)) (quoting *Iqbal,* internal citations omitted); *see also Westport Ins. Corp. v. Mylonas*, No. 14-5760, 2015 U.S. Dist. LEXIS 92039, at *8 (E.D. Pa. July 15, 2015) ("A complaint must do more than allege a plaintiff's entitlement to relief, it must 'show' such an entitlement with its facts.") (*citing Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).

Credit reporting agencies are not subject to strict liability under the Fair Credit Reporting Act.[1]  Instead, a plaintiff must establish either that the agency violated the act either willfully or negligently.  *See* 15 U.S.C. § 1681n, 1681o.  "***[T]he FCRA is not a strict liability statute***." *Lagrassa v. Jack Gaughen, LLC*, No. 1:09-0770, 2011 U.S. Dist. LEXIS 38838, at *15 (M.D. Pa. Mar. 11, 2011).  "Thus, a violation of the FCRA by itself does not amount to willful noncompliance with the FCRA."  *Id; see also Sarver v. Experian Information Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) ("[T]he FCRA is not a strict liability statute"); *Dotzler v. Perot*, 876 F. Supp. 207, 208-09 (E.D. Mo. 1995) (dismissing claim for negligent violation of FCRA).

### A. Plaintiff fails to state a claim under 15 U.S.C. § 1681e(b).

15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  The elements of a 1681e(b) claim are that "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury

---

[1] RentGrow does not concede that it is a "[c]redit reporting agency" as Plaintiff alleges, but assumes that characterization to be correct for the purposes of this Motion only.

was caused by the inclusion of the inaccurate injury." *Miller v. Trans Union, LLC*, No. 3:12-cv-1715, 2013 U.S. Dist. LEXIS 140851, at *19 (M.D. Pa. Aug. 14, 2013).

Here, Plaintiff fails to plead these elements with the specificity required by *Twombly*. First, Plaintiff fails to even identify which of the "Defendants" it contends was responsible for the allegedly false information in his credit report, let alone that any of the Defendants failed to follow "reasonable procedures." *See Ingris v. Borough of Caldwell*, No. 14-855, 2015 U.S. Dist. LEXIS 74255, at *15 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). Plaintiff's allegations that RentGrow acted "willfully" or "negligently" are pure boilerplate and lack any specific facts supporting the allegations. Complaint ¶¶ 27-28. Plaintiff also fails to plead how "lost rental opportunities, harm to reputation, and emotional distress" constitute "actual damages." *Id.* ¶ 14.

Courts routinely dismiss FCRA claims that are pleaded in such a conclusory fashion. For example, in *Miller*, the court dismissed Plaintiff's Section 1681e claim finding that "we cannot discern on the basis of [Plaintiff's] recitals relating to his credit file entries whether he has also plausibly stated a claim that Trans Union placed inaccurate information in the plaintiff's consumer report; whether those inaccuracies were due to the failure to follow reasonable procedures; whether [Plantiff] was injured by the inaccurate customer report; or whether the injury was caused by the alleged inaccuracy." 2013 U.S. Dist. LEXIS 140851, at *26-27. *See also Wright v. Portfolio Recovery Affiliates*, No. 09-612-GMS, 2011 U.S. Dist. LEXIS 33612, at *11-12 (D. Del. March 30, 2011) (dismissing Section 1681e(b) claim where plaintiff's "bare bone allegations are conclusory, merely mirror the statute, and provide the defendants insufficient facts of the alleged claims against them.")

### B.   Plaintiff fails to state a claim under 15 U.S.C. § 1681g.

15 U.S.C. § 1681g generally provides, among other things, that consumer reporting agencies must provide credit reports and credit scores to consumers upon their request, and that such reports must accurately reflect the information in the consumer's file. § 1681g(a)-(b), (f). It is impossible to identify the provisions of Section 1681g that are relevant to Plaintiffs' claims, because plaintiff merely alleges that "in connection with Plaintiff's request for his consumer file, Defendant Rentgrow failed to provide Plaintiff a complete and proper copy of his file," and that "Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681g." Complaint ¶¶ 13, 28. Again, Plaintiff fails to offer any specific facts in support of his conclusory allegations. For example, he does not specify whether he ever received a report from RentGrow; whether it was inaccurate; or the nature of any inaccuracy. Thus, Plaintiff's allegations do not even apprise Rentgrow of the theory on which Plaintiff seeks to hold it liable, and fall well short of the pleading standard mandated by *Twombly* and *Iqbal*.

### CONCLUSION

Plaintiff's complaint should be dismissed for three reasons:

*First*, Plaintiff fails to allege any facts establishing the general or specific jurisdiction of this Court over RentGrow. To the contrary, Plaintiff admits that RentGrow is located in Massachusetts and that this action involves the claims of a Washington D.C. resident concerning the denial of a lease of apartments in Washington and Virginia.

*Second*, Plaintiff fails to allege any facts in support of its alleged claim under 15 U.S.C. § 1681e(b). Namely, Plaintiff fails to allege which Defendant provided the allegedly inaccurate report or how the inaccuracy was a result of the failure follow reasonable procedures. Instead, Plaintiff simply invokes statutory language in a conclusory fashion to create the illusion of liability.

*Third*, Plaintiff fails to allege any fact in support of its alleged claim under 15 U.S.C. § 1681g. Plaintiff does not specify whether he ever received a report from RentGrow; whether it was inaccurate; or the nature of any inaccuracy. Thus,

8

Plaintiff's allegations do not even apprise RentGrow of the theory on which Plaintiff seeks to hold it liable.

Respectfully submitted,

August 26, 2015

/s/ Dana B. Klinges
Dana B. Klinges (Pa. No. 57943)
Michael S. Zullo (Pa. No. 91827)
Duane Morris LLP
Phone: (215) 979-1000
Fax: (215) 979-1020
dklinges@duanemorris.com
mszullo@duanemorris.com

*Counsel for Defendant RentGrow, Inc.*